DANIEL BRODERICK, Bar #89424
Federal Defender
LEXI NEGIN, Bar #250376
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
GERALD DOUGLAS BROWN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr-S-07-426 LKK |
| Plaintiff, | ) | |
| v. | ) | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| GERALD DOUGLAS BROWN, | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court having reviewed the briefs and materials submitted relating to the defendant's Motion to Suppress, and hearing argument thereupon, finds the following facts and conclusions of law:

On Friday, August 10, 2007, at approximately 10:21 p.m., Sacramento County Deputy Sheriff David Feldman noticed a white 1968 Mercury Cougar displaying license plate number WRN391. The license plate bore current 2008 registration stickers indicating that the registration was valid through February of 2008.

Deputy Feldman ran a records check of the Mercury by entering the license plate number into his patrol vehicle's mobile data terminal (MDT). Deputy Feldman received a response to his inquiry that indicated in relevant part: "REG VALID FROM: 2/08/06 TO 2/08/07" and that the "REC STATUS" is "8/8/07 APP IN PROCESS, CONTACT DMV SACRAMENTO." Deputy Feldman observed the valid registration stickers and did not observe any indication that they were forged or stolen.

The Court finds that Deputy Feldman's declaration indicates that he invariably suspects a violation of the vehicle code is occurring when his MDT indicates that a vehicle's valid registration date has passed

1    and that there is a very recent "app in process", even when current registration stickers are displayed on

2    the vehicle's license plate.

3         In this particular case, however, defendant's vehicle was properly and validly registered as of

4    August 8, 2007, two days prior to the stop, and the valid stickers affixed to the license plate accurately

5    reflected that the registration was valid at the time of the stop.  Therefore, in spite of Deputy Feldman's

6    invariable suspicion as to all vehicles with an "app in process" indicator, "app in process" did not mean

7    that there was an invalid or expired registration in this particular case.

8         Based upon the information he obtained on his MDT alone, Deputy Feldman effectuated a stop of

9    the defendant's vehicle without incident.  Once Deputy Feldman made contact with the driver, the

10   defendant, he could smell the odor of marijuana emitting from the passenger compartment.  Eventually a

11   search of the vehicle was performed and the contraband that is the subject of prosecution in this case was

12   recovered from the vehicle.  Defendant also made statements which he sought to suppress.

13        At the time of the stop Deputy Feldman knew that the vehicle's license plate displayed current

14   registration stickers, that the valid registration date had passed, but that two days prior to the date of the

15   stop there was an "app in process".

16        There was no ambiguity to resolve here.  The information possessed by the officer was consistent

17   with the truth, that the vehicle's previously expired registration was made valid two days prior to the stop.

18

19        The government has the burden to prove that a police officer possesses reasonable articulable

20   suspicion before he effectuates a traffic stop.  The suspicion must be individualized.  The general

21   suspicion possessed by Deputy Feldman,  namely, that in all cases which a vehicle displays current

22   registration stickers, but his MDT reflects an "app in process" therefore the stickers are stolen or

23   fraudulent and the registration is not valid, does not meet the government's burden in this case.

24        In light of the particular facts before the Court in this case, the Court finds that the government has

25   failed to meet its burden to demonstrate that at the time Deputy Feldman effectuated the stop of the

26   defendant's vehicle he had reasonable articulable suspicion to believe that the vehicle registration was not

27   //

28   //

1    //

2    valid.  Therefore the contraband seized and statements made subsequent to the stop of the vehicle are

3    fruits of a violation of the Fourth Amendment and must be suppressed.

4

5            It is so ORDERED.

6

7    DATE: May 27, 2008

8                                                    LAWRENCE  K.  KARLTON
                                                     SENIOR  JUDGE
9                                                    UNITED  STATES  DISTRICT  COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28